

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br><br><br> Ismael CASTRO-Gonzalez, <br><br><br><br> Defendant. | Magistrate Docket No. 25MJ2455-JLB <br><br><br> COMPLAINT FOR VIOLATION OF: <br> Title 18 U.S.C. § 111 (a) (1) <br> Assault on a Federal Officer (Felony) <br><br> Title 8 U.S.C. § 1326 Attempted Entry After Deportation |

The undersigned complainant being, duly sworn, states:

Count One

On or about May 8, 2025, within the Southern District of California, defendant, Ismael CASTRO-Gonzalez, did forcibly assault a person named in Title 18, United States Code, Section 1114, to wit, Department of Homeland Security, United States Border Patrol Agent D. Smoak, while Agent Smoak was engaged in and on account of the performance of his official duties, such acts involving physical contact with Agent D. Smoak by striking Agent D. Smoak with his elbow, in violation of Title 18, United States Code, Section 111(a)(1), a felony.

Count Two

On or about May 8, 2025, within the Southern District of California, defendant Ismael CASTRO-Gonzalez, an alien, who previously had been excluded, deported and removed from the United States, attempted to enter the United States with the purpose, i.e. conscious desire, to enter the United States at or near Otay Mesa, California, without the Attorney General or her designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached probable cause statement, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James T. Burns
Border Patrol Agent

SWORN AND ATTESTED TO UNDER OATH BY TELEPHONE, IN ACCORDANCE WITH FEDERAL RULE OF CRIMINAL PROCEDURE 4.1, ON MAY 9, 2025.

_____
HON. JILL L. BURKHARDT
United States Magistrate Judge

**CONTINUATION OF COMPLAINT:**
Ismael CASTRO-Gonzalez

**PROBABLE CAUSE STATEMENT**

On May 8, 2025, Acting Supervisory Border Patrol Agent D. Smoak was assigned to duties in the Chula Vista Station area of operations. He was in full rough duty uniform with all patches and insignia displayed, identifying him as a Border Patrol Agent.

At approximately 7:15 AM, Agent Smoak witnessed several individuals climbing to the top of the secondary fence in an area known to agents as the "660 Gate." Agent Smoak positioned himself north of the fence to make sure that no one would climb over. While Agent Smoak was positioned north of the group, Watch Commander (WC) J. Velasquez went between the primary and secondary fences to apprehend the individuals. Once the group climbed back down into Mexico, Agent Smoak went to assist WC Velasquez. Agent Smoak and WC Velasquez saw one individual hanging from the concertina wire, a broken ladder, and one individual sitting on top of the fence. Agent Smoak and WC Velasquez attempted to help the individual who was hanging get down from the concertina wire, but the individual on top of the fence began throwing objects at them along with the rest of the group that made it back into Mexico. Agent Smoak attempted to detain the individual, later identified as Ismael CASTRO-Gonzalez, down from the concertina wire. CASTRO started using his left elbow to reach back and strike Agent Smoak in the head. Agent Smoak secured his left arm so he could not continue. Agent Smoak grabbed CASTRO's right hand and forced him to release the wire. Once he broke his grip, Agent Smoak was able to pull him from the wire and take him to the ground, where CASTRO continued to struggle and attempted to get up and scoop Agent Smoak's legs and tackle him. As they fell to the ground, CASTRO started reaching for Agent Smoak's gun and collapsible steel baton. Agent Smoak gained control of his right arm and brought it to his back in a handcuffing position. Agent Smoak and WC Velasquez were able to gain control and place CASTRO into handcuffs, and took him away from the fence to a safer area. Once they were away from the fence, Agent Smoak conducted an immigration inspection on CASTRO and determined that he was a citizen of Mexico without documents to be in the United States legally. At 7:25 AM, Agent Smoak placed CASTRO under arrest.

Routine record checks of the defendant revealed a criminal and immigration history. A comparison of the defendant's criminal record and current fingerprints were used to determine the defendant's record. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to Mexico on June 29, 2022 through San Ysidro, California. These same records show that the defendant has not applied for permission from the Attorney General of the United States or her designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.