ADAM GORDON
United States Attorney
DAVID KETE
Assistant United States Attorney
Massachusetts Bar No. 690415
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
(619) 546-8706
David.Kete@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED

July 31 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ DanielleSutton          DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ISMAEL CASTRO-GONZALEZ,
   Aka Francisco Javier
            Garcia Valdez,

Defendant.

Case No.   25-cr-2177-BTM
                25MJ2455

**PLEA AGREEMENT**

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, ADAM GORDON, United States Attorney, and David Kete, Assistant United States Attorney, and defendant, ISMAEL CASTRO-GONZALEZ, with the advice and consent of Cassidy Ann Heverling, counsel for defendant, as follows:

//
//
//
//
//
//
7/30/25

Def. Initials **I.C.G.**

I

## THE PLEA

A.    THE CHARGE

Defendant agrees to plead guilty to count two of a two-count Indictment charging defendant with:

### Count 2

On or about May 8, 2025, within the Southern District of California, defendant ISMAEL CASTRO-GONZALEZ, aka Francisco Garcia Valdez, an alien, knowingly and intentionally attempted to enter the United States of America with the purpose, i.e., conscious desire, to enter the United States without the express consent of the Attorney General of the United States or his/her designated successor, the Secretary of the Department of Homeland Security, after having been previously excluded, deported and removed from the United States, and not having obtained said express consent to reapply for admission thereto; and committed an overt act, to wit, crossing the border from Mexico into the United States, that was a substantial step towards committing the offense; all in violation of Title 8, United States Code, Section 1326(a) and (b).

It is further alleged that the defendnant ISMAEL CASTRO-GONZALEZ, aka Francisco Javier Garcia Valdez, was removed from the United States subsequent to January 2, 2003.

C.    DISMISSAL OF REMAINING CHARGES

The Government agrees to: (1) move to dismiss the remaining charges without prejudice when defendant is sentenced; and (2) not prosecute defendant thereafter on such dismissed charges unless defendant breaches the plea agreement, or the guilty plea entered pursuant to this plea agreement is set aside for any reason.   If defendant breaches this agreement or the guilty plea is set aside, Section XII shall apply.

//

//

//

//

//

//

2

Def. Initials I.C.6.

_____CR _____

## II

## NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:

### Count 2

1.    Defendant was removed or deported from the United States.

2.    Defendant had the specific intent to enter the United States free from official restraint and without consent.

3.    Defendant was an alien at the time of defendant's attempted reentry into the United States.

4.    Defendant had not obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States.

5.    Defendant did something that was a substantial step toward committing the crime and that strongly corroborated defendant's intent to commit the crime.

6.    Defendant was removed from the United States subsequent to January 2, 2003.

B.    ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

### Count 2

1.    On or about June 29, 2004, defendant was lawfully removed from the United States.

2.    On or about May 8, 2025, defendant had the specific intent to enter the United States free from official restraint and without consent.  Defendant intended to enter the United States without being detected, apprehended, or taken into custody by government authorities.

3.    Defendant was an alien at the time of defendant's attempted reentry into the United States.  Defendant was

3

Def. Initials I.C.G.

_____CR _____

not a citizen or national of the United States. Defendant is a citizen of Mexico.

4.  Defendant had not obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States.

5.  Defendant did something that was a substantial step toward committing the crime and that strongly corroborated defendant's intent to commit the crime. Defendant crossed into the United States from Mexico outside of a Port of Entry and was found climbing to the top of the secondary fence in Otay Mesa, California.

6.  Defendant was removed subsequent to January 2, 2003, which is the date of defendant's most recent felony conviction.

7.  On or about June 19, 2002, defendant was lawfully ordered removed or deported from the United States for the first time.

### III

### PENALTIES

The crime to which defendant is pleading guilty carries the following penalties:

### Count 2

A.  A maximum 10 years in prison;

B.  A maximum $250,000 fine;

C.  A mandatory special assessment of $100 per count; and

D.  A term of supervised release of up to 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

### IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS
### AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

4

Def. Initials **I.C. 6**

_____CR _____

B.    A speedy and public trial by jury;

C.    The assistance of counsel at all stages of trial;

D.    Confront and cross-examine adverse witnesses;

E.    Testify and present evidence and to have witnesses testify on behalf of defendant; and

F.    Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's conviction in this case may have adverse immigration consequences, including defendant's removal or deportation from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

## VI

5

Def. Initials **I. C. G.**

_____CR _____

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw defendant's guilty plea;

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C.   No one has threatened defendant or defendant's family to induce this guilty plea; and

D.   Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a).  In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and

6

Def. Initials I.C.G

_____CR _____

take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction.

The parties will recommend immediate sentencing without a presentence report. The Court may agree if it finds sufficient information in the record to enable the meaningful exercise of sentencing authority pursuant to 18 U.S.C. § 3553. **Defendant agrees to request that a rap sheet be prepared.** Defendant has been advised and understands that should the sentencing judge order a presentence report, defendant nevertheless has no right to withdraw the plea.

### IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, defendant will not withdraw the plea.

//

//

7

Def. Initials. **I.C.G.**

_____ CR _____

**X**

**PARTIES' SENTENCING RECOMMENDATIONS**

A.    SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

Count 2

1.    Base Offense Level [USSG § 2L1.2(a)]                                                      8

2.    Prior Illegal Reentry/Entry Offense                                                      $-1$
      [USSG § 2L1.2(b)(1)]
      Specific Offense Characteristic to be
      determined following preparation of a
      presentence report, up to a +4.

3.    Pre-Removal Order Felony Conviction                                                    $-1$
      [USSG § 2L1.2(b)(2)]
      Specific Offense Characteristic to be
      determined following preparation of a
      presentence report, up to a +10.

4.    Post Removal Order Felony Conviction                                                   $-1$
      [USSG § 2L1.2(b)(3)]
      Specific Offense Characteristic to be
      determined following preparation of a
      presentence report, up to a +10.

5.    Acceptance of Responsibility                                                            −2
      [USSG § 3E1.1]

6.    Full Appellate Waiver                                                                   −2
      [USSG § 5K2.0]

B.    ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in

---

[1]    The parties are free to argue for the applicability of any Specific Offense Characteristic, pursuant to USSG § 2L1.2(b), based on the information available at the time of sentencing.

8

Def. Initials  I.C.G.

_____ CR _____

conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.  Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.  Falsely denies prior criminal conduct or convictions;

3.  Is untruthful with the Government, the Court or probation officer; or

4.  Breaches this plea agreement in any way.

C.  FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X of this plea agreement.

D.  NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have no agreement as to defendant's Criminal History Category.

E.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.  PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government agrees to recommend that defendant be sentenced within the advisory Guidelines range as calculated by the Government.

//

//

9

Def. Initials I.C.G.

_____CR _____

G.    SPECIAL ASSESSMENT AND FINE

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing.  The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will not recommend imposition of a fine due to defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H.    SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, defendant will not seek to reduce or terminate early the term of supervised release until defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence.  This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are: (i) Defendant may appeal a custodial sentence

10

Def. Initials I.C.6

_____CR_____

above the statutory mandatory minimum term; and (ii) Defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A.  Failing to plead guilty pursuant to this agreement;

B.  Failing to fully accept responsibility as established in Section X, paragraph B, above;

C.  Failing to appear in court;

D.  Attempting to withdraw the plea;

E.  Failing to abide by any court order related to this case;

F.  Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G.  Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

11

Def. Initials **I, C.G.**

_____CR _____

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution,

12

Def. Initials I. C. 6.

_____ CR _____

any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

## CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that Defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//
//

13

Def. Initials I.C.G.

_____CR _____

XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

ADAM GORDON
United States Attorney

7/31/25
_____
DATED

_____
DAVID KETE
Assistant U.S. Attorney

7/31/25
_____
DATED

_____
CASSIDY ANN HEVERLING
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

7/31/25
_____
DATED

Ismael castro Gonzalez.
_____
ISMAEL CASTRO-GONZALEZ
Defendant

Approved by:

/s/ Robert Miller
_____
ROBERT MILLER
Assistant U.S. Attorney

Rev. 1/4/2024 cek

14

Def. Initials I.C.G.
_____CR _____